IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JONATHAN MONSARRAT, | ) ) ) | Civil Action No. 11-10248 |
| Plaintiff, | ) ) ) |  |
| vs. | ) ) |  |
| HANNAH ROSENBAUM, | ) ) |  |
| Defendant. | ) ) ) |  |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Jonathan Monsarrat ("Plaintiff"), by and through his attorney of record, complains against Hannah Rosenbaum ("Defendant"), alleging upon personal knowledge as to his own acts and as to events taking place in his presence, and upon information and belief as to all other facts, as follows:

**NATURE OF THIS ACTION**

1. This is a civil action seeking injunctive relief, damages, and other remedies for copyright infringement arising under 17 U.S.C. §§ 101 et seq. and misrepresentation arising under 17 U.S.C. § 512(f) from Defendant's willful infringement of and misrepresentation of rights in works authored by Plaintiff .

2. As described more fully below, Defendant knowingly and willfully reproduced, distributed, publicly displayed copies and derivative works, and otherwise infringed on works authored by Plaintiff for which Plaintiff owns the copyright (the "Infringed Works"), and is therefore liable for direct infringement of the Infringed Works.  In addition, Plaintiff knowingly materially misrepresented the Infringed Works in a counter notification under the Digital Millennium Copyright Act.

3. Defendant's acts and conduct caused damage to Plaintiff's personal and professional reputation, resulting in substantial financial losses, and, unless enjoined by this Court, will continue to cause further damage, to the irreparable injury of Plaintiff. This action seeks permanent injunctive relief and damages for Defendant's infringement and misrepresentation of Plaintiff's intellectual property rights.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 17 U.S.C. §§ 101 et. seq., and 28 U.S.C. §§ 1331 and 1338(a), as these claims arise under the Copyright Law of the United States, including the Digital Millenium Copyright Act.

5. Defendant is subject to personal jurisdiction in the Commonwealth of Massachusetts pursuant to Massachusetts General Laws c. 223A § 3 because the claims arise substantially from acts of infringement by the Defendant within the Commonwealth; because Defendant was a resident of the Commonwealth at the time of the principal acts from which the claims arise; because Defendant's infringement of the Infringed Works was targeted to Massachusetts residents and was continuously available via the Internet to Massachusetts residents; because Defendant caused damage to Plaintiff's personal and professional reputation within the Commonwealth; and because Defendant expected or should have expected that the acts would have consequences in the Commonwealth.

6. Venue is proper for this Court under 28 U.S.C. § 1391(b)(2) because all or a substantial portion of the events that gave rise to Plaintiff's claims transpired in the Commonwealth of Massachusetts, including infringement of the Infringed Works and damage to Plaintiff's personal and professional reputation.

## PARTIES

7. Plaintiff, Jonathan Monsarrat, is an artist, inventor, and entrepreneur residing in the Commonwealth of Massachusetts.

8. Upon information and belief, Defendant, Hannah Rosenbaum, is an individual residing in the State of New York, and resided in the Commonwealth of Massachusetts until August 15, 2008.

### FACTS GIVING RISE TO THIS ACTION

9. Plaintiff is the author and copyright owner of original works, for which Plaintiff has duly registered or submitted an application for registration. The following works are identified in this Complaint as the "Infringed Works".

    a. Photographic work depicting illuminated highway sign saying "Hi … Date me."

    b. Photographic work depicting performer in beaver costume with MIT shirt.

    c. Photographic work depicting dance with wax figures of celebrities.

    d. Literary work starting "Hey! Let me put it this way…" and ending "…Ciao, bella!"

    e. Literary work starting "I'm laughing here because I know …" and ending "…dealing well with rejection"

    f. Literary work starting "Cross Into The Abyss"..." and ending "...for more information"

    g. Literary work consisting of text sent from account "mitcarpediam"

    h. Literary work starting "Violation of LiveJournal abuse policies…" and ending "Monday at 12pm"

10. Each of the Infringed Works contains copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 et seq., and constitutes an original work of authorship.

11. Plaintiff is the owner of all right, title, and interest in and to the Infringed Works. Plaintiff's rights include all rights under United States copyright law.

12. The Infringed Works consist of material wholly original with Plaintiff and are copyrightable subject matter under the laws of the United States.

## COUNT I:  COPYRIGHT INFRINGEMENT, 17 U.S.C. § 501

13. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1 - 12 of this Complaint.

14. On information and belief, beginning on March 19, 2008, Defendant reproduced, distributed, and publicly displayed copies of the Infringed Works on the website LiveJournal.com, through an account which is identified as owned by Defendant.  Plaintiff submitted a notification of claimed infringement under 17 U.S.C. § 512(c) to LiveJournal.com's designated agent on December 16, 2010, resulting in takedown of the infringing copies subject to counter notification.

15. On information and belief, beginning on March 3, 2008, Defendant reproduced, distributed, and publicly displayed copies of the photographic Infringed Works on the website PhotoBucket.com, through an account which is identified as owned by Defendant.  Plaintiff submitted a notification of claimed infringement under 17 U.S.C. § 512(c) to PhotoBucket.com's designated agent on December 22, 2010, resulting in takedown of the infringing copies subject to counter notification.

16. On information and belief, beginning on March 3, 2008, Defendant reproduced, distributed, and publicly displayed copies and unauthorized derivative works of the Infringed Works on the website EncyclopediaDramatica.com.  Plaintiff submitted a notification of claimed infringement under 17 U.S.C. § 512(c) to EncyclopediaDramatica.com's designated agent on January 19, 2011, resulting in takedown of the infringing copies subject to counter notification.  Defendant responded with a counter notification under 17 U.S.C. § 512(g) on February 6, 2013.

17. Plaintiff never authorized Defendant to reproduce, distribute, publicly display, make derivative works, or make any use of Plaintiff's copyrighted Infringed Works.

18. Defendant's infringements of Plaintiff's copyrights have been willful, intentional, and in total disregard of, and with indifference to, Plaintiff's rights by willingly and knowingly reproducing,

displaying, and distributing unauthorized copies and unauthorized derivative works of the Infringed Works.

19.     Defendant's acts violate Plaintiff's exclusive rights under 17 U.S.C. § 106, and constitute infringement of his copyright under 17 U.S.C. § 501

20.     As a result of Defendant's infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled pursuant to 17 USC § 504 to recovery of actual damages

21.     As a direct and proximate result of Defendant's acts alleged herein, Plaintiff has suffered, is suffering, and will continue to suffer substantial damage to in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of his rights, in the amount of $355,000.

## COUNT II: MISREPRESENTATION, 17 U.S.C. § 512(f)

22.     Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1 - 12 of this Complaint.

23.     Plaintiff submitted a notification of claimed infringement under 17 U.S.C. § 512(c) to EncyclopediaDramatica.com's designated agent on January 19, 2011, specifically identifying the Infringed Works for which he is the author and copyright owner, resulting in takedown of the infringing copies subject to counter notification.

24.     On information and belief, Defendant responded with a counter notification ("the Counter Notification") under 17 U.S.C. § 512(g) on February 6, 2011.

25.     On information and belief, when Defendant reproduced, distributed, and publicly displayed copies and unauthorized derivative works of the Infringed Works, Defendant publicly identified the author of the works as Plaintiff, and publicly identified the dates on which the works were created.

26.     On information and belief, Defendant wrote in the Counter Notification under penalty of perjury, "The complainant does not hold the copyright to any of the material in question, is not the

designated representative of the copyright holder, and therefore lacks standing to assert that my use of the material is a violation of any of the owner's rights."  Defendant knew that Plaintiff is the author of the Infringed Works, and knew of no indication of transfer of any of the Infringed Works' copyright ownership.  Therefore, Defendant knowingly materially misrepresented the Infringed Works' copyright ownership.

27.     On information and belief, Defendant wrote in the Counter Notification under penalty of perjury, "Most of the material in question is not copyrighted, or the copyright has expired. It is therefore in the public domain and may be reproduced by anyone."  Defendant knew that Plaintiff is the author of the Infringed Works, knew that the Infringed Works were created after 1999, and knew of no indication that any of the Infringed Works were dedicated to the public domain.  Therefore, Defendant knowingly materially misrepresented the Infringed Works as being in the public domain.

28.     Accordingly, Defendant violated 17 U.S.C. § 512(f) by knowingly materially misrepresenting that the Infringed Works were removed or disabled by mistake or misidentification.

29.     As a direct and proximate result of Defendant's misrepresentations, Plaintiff has been injured substantially and irreparably. Such injury includes, but is not limited to, financial and personal expenses associated with responding to the Counter Notice, including costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A.     That Defendant and her agents, employees, associates, successors, assigns, and all others in concert with Defendant, be permanently enjoined from infringing Plaintiff's copyrights and specifically that she be enjoined from reproducing, distributing, and publicly displaying copies and derivative works of Plaintiff's copyrighted works;

B.    That the Court order the permanent removal of all copies and derivative works of Plaintiff's copyrighted works posted to websites by the Defendant or her agents, employees, associates, successors, assigns, and all others in concert with Defendant;

C.    That the Court order the destruction of all copies and derivative works of Plaintiff's copyrighted works in the possession or control of the Defendant or her agents, employees, associates, successors, assigns, and all others in concert with Defendant;

D.    That Defendant be required to pay to Plaintiff such actual damages he sustained as a result of defendant's copyright infringement, pursuant to 17 U.S.C. § 504(b);

E.    That Defendant be required to pay to Plaintiff all costs and attorneys fees pursuant to 17 U.S.C. § 512(f);

F.    That the Court order such other and further relief as it deems just and appropriate.

> Respectfully submitted,
> Plaintiff,
> Jonathan Monsarrat
> by his attorney,
>
> *[signature]*
>
> Lawrence Joel Appleman (BBO # 558580)
> LawrenceJoelAppleman@gmail.com
> 11 Madison Avenue
> Cambridge, Massachusetts 02140
> (617) 294-9471

Dated: February 15, 2011