IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JONATHAN MONSARRAT, | ) ) ) ) | Civil Action No. 11-10248 |
| Plaintiff, | ) ) |  |
| vs. | ) ) |  |
| HANNAH ROSENBAUM, | ) ) |  |
| Defendant. | ) ) ) |  |
| _____ | ) |  |

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF

# MOTION FOR ENTRY OF DEFAULT JUDGMENT,

# PERMANENT INJUNCTION, AND COSTS AND ATTORNEYS' FEES

**1. Introduction**

As an artist, inventor, and entrepreneur, Plaintiff's livelihood depends on his creative works. Defendant infringed on Plaintiff's copyright in his works by copying, posting, and displaying unauthorized copies of Plaintiff's works and unauthorized derivative works on websites. Plaintiff successfully followed the Digital Millennium Copyright Act's (DMCA's) requirements for removal of infringing content from websites, 17 U.S.C. § 512(c), and that would have ended the matter if Defendant had not subsequently submitted deliberately false counter-notices under the DMCA, 17 U.S.C. § 512(f). Consequently, Plaintiff respectfully requests the Court for relief that would restore him to where he would be if not for Defendant's willful misrepresentations.

The Plaintiff filed a Complaint in this action on February 15, 2011. The Defendant was then served at the last and usual place of abode, with copies of the Complaint, Summons and other pertinent

documentation. Thereafter, the Defendant failed to appear in this action. On June 10, 2011, more than twenty days after service was made upon the Defendant, the Plaintiff made a request to the Clerk of Court to enter default against the Defendant. On June 14, 2011, default was entered against the Defendant in this action. Plaintiff now moves for judgment against the Defendant.

**2. Plaintiff's Case without the Default**

Even without Defendant's default, Plaintiff has a strong case against Defendant, as pled in Plaintiff's Complaint and supported by accompanying affidavits.  Defendant infringed upon Plaintiff's works by uploading unauthorized copies and unauthorized derivative works to websites, and after Plaintiff had the infringing content removed by submitting notices to the websites, Defendant submitted deliberately false counter-notices in an attempt to have the infringing content uploaded again. Appropriate relief consists of a permanent injunction to prevent Defendant from infringing again, and damages, including costs and attorneys' fees, caused by Defendant's willful misrepresentation.

    **a.  Infringement**

As the creator of original works, Affidavit of Plaintiff, ¶ 3, initial ownership of copyright vests with Plaintiff.  17 U.S.C. § 201.  In this action, Plaintiff has retained exclusive copyright ownership in the original works.  Affidavit of Plaintiff, ¶ 7.  As exclusive owner of copyright, Plaintiff has the exclusive right to copy the original works and to create derivative works. 17 U.S.C. § 106.  By uploading unauthorized copies of Plaintiff's works and unauthorized derivative works to websites, Defendant is liable for infringement of copyright under the Copyright Act.  17 U.S.C. § 501(a).

    **b.  Misrepresentation**

Defendant violated the DMCA by filing deliberately false counter-notices with LiveJournal.com, Affidavit of Plaintiff, ¶ 5, and with EncyclopediaDramatica.com, Affidavit of Plaintiff, ¶ 7.  When Congress adopted the DMCA, 17 U.S.C. § 512, its goal in part was to address copyright concerns with

user-driven websites such as LiveJournal.com and EncyclopediaDramatica.com, and it laid out a straightforward process for a copyright owner to have infringing content taken down from a website. The copyright owner must send a notice to the website identifying the infringing content and asserting under penalty of perjury that the sender is the copyright owner and has a good faith belief that the content infringes the sender's copyrights. *See* 17 USC § 512(c)(3). The website then must remove the content or face infringement liability itself. *See* 17 USC § 512(c)(1)(C). The website's user who uploaded the infringing content then may send a counter-notice to the website requesting the content to be restored, asserting under penalty of perjury a good faith belief that the material was "removed or disabled as a result of mistake or misidentification." *See* 17 USC § 512(g). In Defendant's counter-notice, Defendant stated a belief that Plaintiff did not hold copyright in the original works, the copyright did not exist, or that copyright had expired – in contradiction to Defendant's own words on the same websites, indicating that Defendant knew Plaintiff was the original works' creator and that creation took place within the past few recent years.  Therefore, Defendant is liable under the misrepresentation provision of the DMCA, which provides:

> "(f) Misrepresentations. Any person who knowingly materially misrepresents under this section … (2) that material or activity was removed or disabled by mistake or misidentification, shall be liable for any damages, including costs and attorneys' fees, incurred by … any copyright owner … who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in … replacing the removed material or ceasing to disable access to it." 17 USC § 512(f).

### 3.   Well Pled Facts Deemed Proven Upon Default

The Default already entered in this action against Defendant is similar to a finding of liability against Defendant. See *Almedia v. Secretary of Health Education of Welfare*, 622 F. 2d 1044 (1st Circuit

1980). Accordingly, based upon the Default that has already entered against Defendant, Plaintiff has now proven the liability of Defendant as to the matters set forth in Plaintiff's pleadings, supported by accompanying affidavits.

Plaintiff has proven certain pertinent facts, including but not limited to the facts that:

a. Plaintiff is author and exclusive holder of copyright in eight original works. Affidavit of Plaintiff, ¶ 3.

b. Defendant infringed upon the original works by uploading unauthorized copies of them and unauthorized derivative works to websites, causing damages to Plaintiff. Affidavit of Plaintiff, ¶ 4.

c. After Plaintiff submitted proper notices to remove the infringing content from websites, Defendant submitted counter-notices which falsely claimed that Defendant believed that Plaintiff did not hold the copyright in the original works, or that there was no copyright, or that copyright had expired – although descriptions accompanying the infringing content which Defendant uploaded showed clearly that Defendant knew that Plaintiff was the creator of the original works and that the original works were created within the past few recent years. Affidavit of Plaintiff, ¶ 9.

d. As a direct result of Defendant's willful representation within false counter-notices, and websites' reliance on those false counter-notices, Plaintiff was injured by incurring costs and attorneys' fees. Affidavit of Plaintiff, ¶ 9.

Based upon these facts and others set forth in Plaintiff's pleadings, Defendant is now liable to Plaintiff for infringement under the Copyright Act, 17 U.S.C. § 502(a), and for misrepresentation under the DMCA, 17 U.S.C. § 512(f).

**4. Relief**

    **a. Permanent Injunction**

The Copyright Act explicitly authorizes injunctive relief for copyright infringement: "Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. §502(a).

In this action, the original works protected under copyright were infringed by Defendant's uploading unauthorized copies and unauthorized derivative works to websites. Nothing short of a permanent injunction will prevent Defendant's uploading infringing content again to the same or other websites, causing further damage to Plaintiff. "A finding of liability for copyright infringement, combined with the threat of future infringement, justifies the imposition of a permanent injunction." Cipes v.Mikasa, Inc., 404 F. Supp. 2d 367, 371 (D. Mass. 2005). Plaintiff need not prove irreparable harm for the injunction to issue. Where express authority for issuance of statutory injunctions is provided by legislative enactment, an injunction may issue without resorting to traditional "equitable" prerequisites so long as liability has been established under the statute. *See* United States v. Mass. Water Res. Auth., 256 F.3d 36, 51 n.5 (1st Cir.2001) ("At least with respect to some statutory injunction provisions . . . when Congress decides to make available the remedy of injunction for violations of a statute's substantive provisions, irreparable injury is presumed to flow from such violations.").

The terms of the requested injunction are reasonably drafted to thwart any future infringing activities by Defendant.

    **b. Costs and Attorneys' Fees**

Any person who makes a willful misrepresentation in a DMCA counter-notice may be liable for damages to an injured copyright owner if, as a result of the service provider relying upon such misrepresentation, the misrepresentation causes injury to the copyright owner. *See* 17 U.S.C. § 512(f).

Defendant submitted counter-notices which falsely claimed that Defendant believed that Plaintiff did not hold the copyright in the original works, or that there was no copyright, or that copyright had expired – although descriptions of the infringing content which she uploaded showed clearly that she knew that Plaintiff was the creator of the original works and that the original works were created within the past few years.  Affidavit of Plaintiff, ¶ 9.  As a result of Defendant's counter-notice, the websites would have been required by the DMCA to restore the infringing content within 14 business days, 17 U.S.C. § 512(g)(2)(C), causing further damage to Plaintiff, *see* Affidavit of Plaintiff, ¶ 8.

As a direct result of Defendant's deliberately false counter-notices, which caused the websites' requirement to restore the infringing content based on their reliance on the Defendant's willful misrepresentation, Plaintiff incurred costs and attorneys' fees totaling $6,185.50.  Affidavit of Plaintiff, ¶ 10.  Accordingly, Defendant is liable for these costs and attorneys' fees under the DMCA.  17 U.S.C. § 512(f).

    c. **Post-judgment Interest**

Plaintiff is entitled to post-judgment interest accruing on the Judgment pursuant to 28 U.S.C. § 1961. Said statute covers post-judgment interest on civil actions brought to judgment in U.S. District Courts.

**5. Conclusion**

Pursuant to all of the above, Plaintiff is entitled to default judgment as follows:

a. The issuance of a permanent injunction pursuant to 17 U.S.C. § 502(a) utilizing the following language or language of a similar nature:

> "The Court hereby enjoins the Defendant, the Defendant's respective agents, servants, employees, and any person or entity controlled directly or indirectly by the Defendant or acting on the Defendant's behalf from further reproduction, distribution, dissemination

      through electronic means, and/or public display of copies and derivative works of

      Plaintiff's copyrighted works."

b. Costs and attorneys' fees of $6,185.50 pursuant to 17 U.S.C. § 512(f);

c. Post-Judgment interest running on the judgment pursuant to 26 U.S.C. § 1961; and

d. Such other relief as the Court deems just and proper.

      Respectfully submitted,
      Plaintiff,
      Jonathan Monsarrat
      by his attorney,

      /s/Lawrence Joel Appleman (BBO # 558580)
      LawrenceJoelAppleman@gmail.com
      11 Madison Avenue
      Cambridge, Massachusetts 02140
      (617) 294-9471

Dated:  January 16, 2012

**Certificate of Service**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non registered participants on January 16, 2012.

/s/Lawrence Joel Appleman (BBO # 558580)